IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE MARTINEZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SKIRMISH, U.S.A., INC. | : | NO.  07-5003 |

### MEMORANDUM

**Padova, J.**                                                                                    **August 6, 2009**

Skirmish, U.S.A., Inc. ("Skirmish") asks that we reconsider a portion of our June 15, 2009 Memorandum and Order granting in part and denying in part Skirmish's Motion for Summary Judgment.[1]  Skirmish contends that we erred in denying its Motion for Summary Judgment as to Plaintiff's claim for gross negligence and Plaintiff's request for punitive damages.  Skirmish also requests, in the alternative, that we certify for immediate appellate review the question of whether Pennsylvania law recognizes a claim for gross negligence.   Both Skirmish's request for reconsideration and its request for certification for immediate appeal are denied.

I.     **LEGAL STANDARD**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985).

---

[1]Plaintiff sued Skirmish asserting claims for negligence, gross negligence, strict liability and breach of the implied warranties of merchantability and fitness for a particular purpose arising out of an injury he suffered on March 19, 2006, when he was hit in the eye with a paintball at Skirmish's Jim Thorpe, Pennsylvania paintball facility.  We granted Skirmish's Motion for Summary Judgment as to Plaintiff's negligence claim and his claims of strict liability and breach of the implied warranties of merchantability and fitness for a particular purpose, in connection with the paintball that struck Plaintiff's eye.  We denied Skirmish's Motion for Summary Judgment as to Plaintiff's claim for gross negligence; Plaintiff's claim for strict liability with respect to the VForce Armor Rental Field Black Goggles Plaintiff was wearing when he was hit in the eye; Plaintiff's claim for breach of the implied warranties of merchantability and fitness for a particular purpose with respect to the VForce Armor Rental Field Black Goggles; and Plaintiff's request for punitive damages.

A motion for reconsideration will only be granted if the moving party establishes: (1) the existence of newly available evidence; (2) an intervening change in the controlling law; or (3) a need to correct a clear error of law or prevent manifest injustice.   Pub. Interest Research Group of N.J. v. Magnesium Elektron, 123 F.3d 111, 116-17 (3d Cir. 1997).  "Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Moyer v. Italwork, Civ. A. No. 95-2264, 1997 WL 312178, at *3 (E.D. Pa. June 3, 1997) (internal quotation omitted).  We confine our review to the third ground, as Skirmish seeks reconsideration only on the basis that our denial of its Motion for Summary Judgment with respect to Plaintiff's claim for gross negligence and request for punitive damages was a clear error of law.

**II.    DISCUSSION**

 A.    Gross Negligence

 Plaintiff asserted claims against Skirmish for both negligence and gross negligence.  We granted summary judgment to Skirmish with respect to Plaintiff's claim for negligence because that claim was waived by a Waiver & Release that Plaintiff had executed prior to engaging in paintball activities at Skirmish's facility.  Martinez v. Skirmish, U.S.A., Inc., Civ. A. No. 07-5003, 2009 WL 1676144, at *12 (E.D. Pa. June 15, 2009).  However, we denied Skirmish's Motion for Summary Judgment as to Plaintiff's gross negligence claim, because the Waiver & Release did not explicitly and clearly convey that Martinez had surrendered his right to compensation for Skirmish's gross negligence.  Id. at *11.  Skirmish now asks us to reconsider our decision on the ground that Pennsylvania does not recognize a cause of action for gross negligence.  Skirmish relies on Ferrick Excavating & Grading Co. v. Senger Trucking Co., 484 A.2d 744, 749 (Pa. 1984) (noting that, while

"there are no degrees of negligence in Pennsylvania[,]" Pennsylvania does recognize "differing standards of care . . .".); Fialkowski v. Greenwich Home for Children, Inc., 921 F.2d 459, 462 (3d Cir. 1990) (stating that "degrees of negligence are not generally recognized under Pennsylvania common law" (citing Ferrick, 484 A.2d at 749)); and Floyd v. Brown & Williamson Tobacco Corp., 159 F. Supp. 2d 823, 828 (E.D. Pa. 2001) ("Under Pennsylvania law, degrees of negligence are not generally recognized.  Rather the term 'gross negligence' refers to a standard of care, rather than to a separate claim."  (citing Ferrick, 484 A.2d at 749)).

Although degrees of negligence may not be recognized under Pennsylvania common law, Pennsylvania does apply differing standards of care for ordinary negligence and gross negligence. See In re Scheidmantel, 868 A.2d 464, 485 (Pa. Super. Ct. 2005).  "Pennsylvania law has employed the concept [of gross negligence] since the early days of the Commonwealth."  Id. at 484 (citing Eddowes v. Niell, 4 Dall. 133, 1 L. Ed. 772 (Pa. 1793); Hood's Executors v. Nesbit, 2 Dall. 137, 1 L. Ed. 321 (Pa. 1792) and Purviance v. Angus, 1 Dall. 180, 1 L.Ed. 90 (Pa. 1786)).  Consequently, the issue before us on Skirmish's Motion for Summary Judgment was whether an exculpatory agreement that specifically releases only ordinary negligence also releases negligence claims premised on the standard of care for gross negligence.  The many courts that have examined this issue have found that "if . . . an exculpatory clause . . . excludes or limits only negligent conduct and is not broad enough to cover conduct that may be described as grossly negligent, willful or wanton, liability is neither excluded nor limited if the conduct alleged is found to be grossly negligent, willful or wanton."  Neuchatel Ins. v. ADT Sec. Sys., Inc., Civ. A. No. 96-5396, 1998 WL 966080, at *7 n.4 (E.D. Pa. Nov. 5, 1998); see also Tayar v. Camelback Ski Corp., 957 A.2d 281, 287 (Pa. Super. Ct. 2008) (finding that an exculpatory agreement that released ordinary negligence claims did not

3

release a claim based upon reckless or grossly negligent conduct); <u>Royal Indem. Co. v. Sec. Guards, Inc.</u>, 255 F. Supp. 2d 497, 503 (E.D. Pa. 2003) (citing <u>Neuchatel</u>, 1998 WL 966080, at *7 n.4); <u>Nicholson v. Mount Airy Lodge, Inc.</u>, Civ. A. No. 96-5381, 1997 WL 811935, at *4 (E.D. Pa. Dec. 29, 1997) (permitting plaintiff to go forward to trial with a claim for gross negligence that was not waived by his exculpatory agreement with defendant, despite defendant's argument that Pennsylvania does not recognize degrees of negligence, because "[t]he express language of the agreement reserves plaintiff's right to assert a claim against defendant for any conduct that amounts to gross negligence"). Consequently, "whether gross negligence is considered a standard of care violated under a negligence theory, or whether it is a separate cause of action, is a distinction with no practical relevance because Pennsylvania consistently has recognized that limitation of liability clauses which merely mention 'negligence,' . . . do not limit damages arising out of gross negligence." <u>Royal Indem.</u>, 255 F. Supp. 2d at 505-06. We conclude, accordingly, that our denial of Skirmish's Motion for Summary Judgment as to Plaintiff's claim for gross negligence was not clear error.

Skirmish also asks us to reconsider our denial of its Motion for Summary Judgment as to Plaintiff's claim for gross negligence because there is no evidence on the record to support a claim for gross negligence. We fully considered this argument in connection with Skirmish's Motion for Summary Judgment. <u>Martinez</u>, 2009 WL 1676144, at *16. "A motion for reconsideration is not an opportunity for an unsuccessful party to rehash arguments previously considered by the Court." <u>Gen. Elec. Capital Corp. v. Stone</u>, Civ. A. No. 04-1691, 2005 WL 746420, at *1 n.1 (E.D. Pa. Mar. 29, 2005) (citing <u>Keyes v. Nat'l R.R. Passenger Corp.</u>, 766 F. Supp. 277,  280 (E.D. Pa. 1991)). Skirmish has not presented any new facts or arguments in support of its position. Consequently, we

4

find that our previous decision was not a clear error of law.  Skirmish's Motion for Reconsideration is, accordingly, denied as to Plaintiff's claim for gross negligence.

      B.    <u>Punitive Damages</u>

Skirmish also argues that we committed clear error by denying its Motion for Summary Judgment with respect to Plaintiff's request for punitive damages.  In denying Skirmish's Motion as to this issue, we equated Plaintiff's burden of proof as to gross negligence with his burden of proof as to punitive damages: "[a]s we have found that there are genuine issues of material fact as to Martinez's claim for gross negligence, we also find that there are genuine issues of material fact as to whether the facts of this case could support an award of punitive damages."  <u>Martinez</u>, 2009 WL 1676144, at *16.  This was, indeed, incorrect, as the standards are not identical.

"A showing of mere negligence, or even gross negligence, will not suffice to establish that punitive damages should be imposed."  <u>Phillips v. Cricket Lighters</u>, 883 A.2d 439, 445 (Pa. 2005) (footnote omitted) (citing <u>SHV Coal, Inc. v. Cont'l Grain Co.</u>, 587 A.2d 702, 705 (Pa. 1991). Consequently, in order to establish entitlement to punitive damages, "plaintiff must adduce evidence which goes beyond a showing of negligence, evidence sufficient to establish that the defendant's acts amounted to 'intentional, willful, wanton or reckless conduct . . . .'"  <u>Id.</u> (quoting <u>SHV Coal</u>, 587 A.2d at 704).  "A defendant acts recklessly when 'his conduct creates an unreasonable risk of physical harm to another [and] such risk is substantially greater than that which is necessary to make his conduct negligent.'"  <u>Id.</u> (quoting <u>Hutchison v. Luddy</u>, 870 A.2d 766, 771 (Pa. 2005)).  The question of whether a defendant's conduct is so reckless or outrageous as to justify the imposition of punitive damages is generally for the finder of fact.  <u>Soufflas v. Zimmer, Inc.</u>, 474 F. Supp. 2d 737, 756 (E.D. Pa. 2007) (citing <u>SHV Coal</u>, 587 A.2d at 705).  Consequently, we "decide the

viability of a punitive damages claim under Pennsylvania law 'only when no reasonable inference from the facts alleged supports a punitive award.'" Id. (quoting Anderson v. Nationwide Ins. Enter., 187 F. Supp. 2d 447, 460 (W.D. Pa. 2002) and citing Eagle Traffic Control v. Addco, 889 F. Supp. 200, 201 (E.D. Pa. 1995)).

There is evidence on the record of this action that Skirmish rented goggles to Plaintiff that were old, in poor condition, and fit loosely on Plaintiff, and that no one from Skirmish showed Plaintiff how to tighten his goggles.  (Martinez Dep. at 60-61, 69, 113, 198-99.)  There is also evidence that Plaintiff tried to inform a referee that his goggles were loose, but the referee just waved him back to the game and did not listen to his concerns.  (Id. at 115-16.)  There is also evidence on the record before us that the VForce Armor Rental Field Black Goggles Skirmish rented to Plaintiff were defectively designed in that they did not contain a vertical restraint that would prevent them from moving vertically on the wearer's face.  (12/8/08 Trident Rpt. at 7 ¶ f.)  The design thus allowed the goggles to slip during circumstances common to participation in paintball.  (Id.)  There is additional evidence that the goggles Skirmish rented to Plaintiff were defectively maintained in that the rear strap was old and worn at the time it was used by Plaintiff, leading to slippage.  (Id. at 7 ¶ e.)  Finally, there is evidence that alternative goggle designs existed at the time of Plaintiff's injury that would have cured the vertical restraint defects of the VForce Armor Rental Field Black Goggles, and that goggles using these designs were being manufactured and sold at the time of Plaintiff's injury.  (Id. at 8 ¶ j.)  Indeed, Skirmish purchased goggles using these alternative designs prior to Plaintiff's injury.  (Pl. Ex. H.)

The question of whether Skirmish rented Plaintiff defectively designed and poorly maintained goggles is for the jury.  So are the questions of whether Skirmish should have shown Plaintiff how

6

to tighten his goggles, whether Skirmish's referee should have listened to Plaintiff's concerns about his goggles being loose; whether Skirmish should have rented Plaintiff goggles of a different design, and whether that alternative design would have prevented his injury.  A jury could find that renting poorly designed and poorly maintained goggles with a loose rear strap that was likely to loosen and slip during ordinary paintball activities "create[d] an unreasonable risk of physical harm to [plaintiff]" and that the risk of physical harm was "substantially greater than that which is necessary to make [Skirmish's] conduct negligent." Phillips, 883 A.2d at 445.  Consequently, we decline to take the issue of punitive damages away from the jury, since we  "decide the viability of a punitive damages claim . . . 'only when no reasonable inference from the facts alleged supports a punitive award.'" Soufflas, 474 F. Supp. 2d at 756 (quoting Anderson, 187 F. Supp. 2d at 460).  We conclude, accordingly, that our decision to deny Skirmish's Motion for Summary Judgment as to Plaintiff's request for punitive damages was not in error, even though we used the wrong standard to reach that decision in the first instance.  Defendant's Motion for Reconsideration is, therefore, denied as to Plaintiff's request for punitive damages.

      C.    Certification for Interlocutory Appeal

     Skirmish also asks, in the alternative, that we certify for immediate interlocutory appeal the question of whether Plaintiff may maintain a claim for gross negligence under Pennsylvania law.  Under 28 U.S.C. § 1292(b), an otherwise non-appealable order may be certified for immediate interlocutory appeal where:  1) the decision involves a controlling question of law; 2) there is substantial ground for difference of opinion with respect to that question; and 3) immediate appeal may materially advance the ultimate termination of the litigation.  See Zenith Radio Corp. v. Matsushita Elec. Indus. Co. Ltd., 478 F. Supp. 889, 943 (E.D. Pa. 1979), order vacated on other

grounds, 631 F.2d 1069 (3d Cir. 1980) (quoting 28 U.S.C. § 1292(b)).  The decision to certify an

order for appeal under § 1292(b) lies within the sound discretion of the trial court.  Fox v. Horn, Civ.

A. No. 98-5279, 2000 WL 288388, at *1 (E.D. Pa. Mar. 13, 2000) (citation omitted).

"[C]ertification is only appropriate in 'exceptional' cases." Alexander v. Wash. Mut., Inc., Civ. A.

No. 07-4426, 2008 WL 3285845, at *2 (E.D. Pa. Aug. 4, 2008) (citing Piazza v. Major League

Baseball, 836 F. Supp. 269, 270 (E.D. Pa.1993)).  In exercising our discretion, we must be mindful

of the strong policy against piecemeal appeals.  Orson, Inc. v. Miramax Film Corp., 867 F. Supp.

319, 321 (E.D. Pa. 1994) (citing Piazza, 836 F. Supp. at 270).  Moreover, in evaluating these factors,

"the court must remember that . . . [a] motion should not be granted merely because a party disagrees

with the ruling of the district judge."  Max Daetwyler Corp. v. Meyer, 575 F. Supp. 280, 282 (E.D.

Pa. 1983); see also United States v. Grand Trunk Western R.R. Co., 95 F.R.D. 463, 471 (W.D. Mich.

1981) (denying certification because the moving party "merely questions the correctness" of the

court's ruling). Rather, the party seeking certification has the burden of "establishing that exceptional

circumstances warrant departure from the general policy against piecemeal litigation and in favor

of postponing appellate review until after the entry of final judgment."  Weaver v. Mobile

Diagnostech, Inc., Civ. A. No. 02-1719, 2007 WL 2463411, at *2 (W.D. Pa. Aug. 28, 2007) (citation

omitted).

 Having considered Skirmish's arguments, we find that it has not satisfied its burden of

establishing the existence of exceptional circumstances in this case.  Although Skirmish disagrees

with our ruling with respect to Plaintiff's gross negligence claim, it has not shown that there is

substantial ground for differences of opinion with respect to this issue.  Moreover, we find that an

immediate appeal, and any attendant delay of the trial pending the conclusion of such an appeal,

8

would unduly delay the ultimate termination of this litigation.  Defendant's request for certification

of immediate appeal is, accordingly, denied.

**III.     CONCLUSION**

      For the foregoing reasons, Skirmish's Motion for Reconsideration and/or for Appellate

Certification Pursuant to 28 U.S.C. § 1292(b) is denied.  An appropriate Order follows.


      BY THE COURT:

      /s/ John R. Padova

      _____

      John R. Padova, J.